**In re ADLER, COLEMAN CLEARING CORP., Debtor.**

**RCM CAPITAL MANAGEMENT, L.L.C., the Boeing Company Employee Retirement Plan, California Public Employees' Retirement System, Entergy Services, Inc., Iowa Public Employees' Retirement System, Pacific Telesis Group Master Pension Trust, and the San Francisco City & County Employees Retirement System, Appellants,**

v.

**Edwin MISHKIN, as trustee of Adler Coleman Clearing Corp., Appellee.**

**No. 97 CIV. 6711(RPP).**

United States District Court, S.D. New York.

Feb. 19, 1998.

Orrick, Herrington & Sutcliffe L.L.P., New York City by Michael B. Carlinsky, John F. Olsen, for Appellants.

Cleary, Gottlieb, Steen & Hamilton, New York City by Mitchell A. Lowenthal, for Edwin B. Mishkin, SIPA Trustee for Adler, Coleman Clearing Corp.

Securities Investor Protector Corporation, Washington, DC by Kenneth Caputo, for Appellee Securities Investor Protection Corporation.

### OPINION AND ORDER

ROBERT P. PATTERSON, District Judge.

RCM Capital Management L.L.C. ("RCM") and its customers, The Boeing Company Employee Retirement Plan ("BCERP"), California Public Employees

Retirement System ("CPERS"), Entergy Services Inc. ("ESI"), Iowa Public Employees Retirement Systems ("IPERS"), Pacific Telesis Group Master Pension Trust ("PTGMPT") and the San Francisco City & County Employee Retirement System ("SFCCERS"), (collectively, "the customers") appeal from an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered August 7, 1997 upholding the determination of the Trustee in Bankruptcy of Adler Coleman Clearing Corp. (the "Debtor") denying the claims of RCM and expunging the objections filed with respect to that determination.

The order under appeal is a final order denying relief to RCM and the Customers and, thus, this Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 158(a).

### Statement of Facts

On February 24, 1995, three days before the filing date, appellant RCM, through its introducing broker Kalin Associates, Inc., placed an order with Debtor, a clearing broker, for the purchase of 49,800 shares of Abbott Laboratories common stock for a total purchase price of $1,749,166.67. The order was on Delivery–versus–Payment ("DVP") basis. Settlement was scheduled for March 3, 1995.

On February 27, 1995, this Court issued an order pursuant to Section 5(b) of the Securities Investor Protection Act of 1970 ("SIPA"): (1) finding that the Debtor's customers were in need of the protection afforded by SIPA, (2) appointing Edwin B. Mishkin as SIPA trustee (the "Trustee") for the liquidation of the business and assets of the Debtor, and (3) referring the matter to the Bankruptcy Court.

On March 10, 1995, the Trustee, in accordance with SIPA, obtained an order from the Bankruptcy Court setting the procedures to be followed by all claimants in connection with the liquidation (the "Housekeeping Order"). (Counter Designated Record on Appeal, Item 1.) The Court established September 22, 1995 as the final bar date for all claims and May 21, 1995 as a final date for filing customer claims, approved the form of notice to be sent to all customers and directed the Trustee to publish notice of the proceeding and mail a copy of the notice of the proceeding, explanatory letters, claim forms and instruction (claim package and notice) to every person who appeared on the books and records of the Debtor to have had an open account within the past twelve months. (*Id.*; Record on Appeal, Item 1, Ex. D.) On March 22, 1995, the Trustee published the notice of the proceedings and at approximately the same time mailed copies of the claim package and notice as required by the Order.

The Housekeeping Order established a procedure for Trustee review of each timely-filed claim for customer property to determine whether the claim or any portion of it qualified for preferential treatment as a customer claim, for notice by letter of the Trustee's determination of the customer's "net equity," for objections to the Trustee's determination letter to be filed within 30 days and for hearings to be held on the issue, if any, raised by a claimant. (Counter Designated Record on Appeal, Item 1 at 7–8.) RCM received the claim package including instructions which provided in pertinent part:

> If you owe the Broker money, please so indicate in the space provided (Item 1(b)). If the Broker owes you securities and you wish to receive those securities without deduction, then you must enclose your check for the amount shown in Item 1c payable to [the Trustee]. **Payments not enclosed with this claim form will not be accepted by the trustee for purposes of determining what securities are to be distributed to you.**

(Designated Record on Appeal Ex. D)(emphasis in original).

On May 19, 1995, RCM, on behalf of the customers, filed timely claims with the Trustee seeking 49,800 shares of Abbott Labs, but failed to state the debit balance it owed and failed to enclose a check to pay for the stock. On February 23, 1996, the Trustee calculated the "net equity" in RCM's account, and denied RCM's claims on the grounds that RCM and its customers had not completed settlement on a timely basis. (Record on Appeal, Item 1, Ex. B.) The Trustee's net equity calculation on RCM's account showed a debit balance of $14,201.53; the difference between $1,749,166.67, the filing date value of the Abbott Labs stock, and $1,763,368.20, the

price RCM had originally agreed to pay for that stock. On March 25, 1996, RCM filed timely objections to the Trustee's determination of its claim and sought an order from the Bankruptcy Court directing the Trustee to "close out" the transaction by accepting $1,763,368,20 in return for delivery to RCM of the 49,800 shares of Abbott Labs, or their current value, which is far in excess of the filing date price. (*Id.* at Ex. C.)

On March 24, 1997, the Trustee filed a motion for an order upholding the Trustee's determination denying the claim of RCM and expunging RCM's objections to the Trustee's determination. (*Id.* Item 1.)

In its objections to the Trustee's motion, RCM made two points in support of its claim that the Trustee was required to complete RCM's purchase of Abbott Labs' common stock. First, because the SIPA rules entitled Close–Out or Completion of Open Contractual Commitment rules (17 C.F.R. § 300.300 *et seq.*) were applicable to this transaction, the Trustee was required to complete it. Those SIPA rules, however, apply to non-debtor brokers and were not applicable to RCM, which was not a broker but a customer of, and owed money to, the Debtor. Second, because the Abbott Labs' shares were "customer name securities" the Trustee was required to deliver the securities under SIPA, 15 U.S.C. § 78*lll*(3). However, because securities are not registered by brokers in the customer's name until they are paid for, the Abbott Labs stock had not been "customer name securities." [1]

At oral argument before Judge Garrity on April 14, 1997, counsel for RCM raised a new argument, namely that, although its customers were willing to pay for the securities, they, and RCM, were prevented from complying with the claims form instructions because, under ERISA custody rules, its customers were prohibited from paying for the securities before receiving them, IRS Code § 401(f), Treasury Regulation 1.401–(f)–1 and 1.408.2, and thus, their claims filed on May 21, 1995, should have been allowed by the Trustee.

On July 18, 1997, the Bankruptcy Court upheld the Trustee's determination regarding RCM's claim in a well-reasoned twenty-eight page opinion addressing each and every point raised by RCM. On August 5, 1997, an order upholding the Trustee's determination, and expunging RCM's objections filed in connection with that determination, was entered.

### Conclusion

On this appeal, RCM seeks to reargue the points it raised before the Bankruptcy Court. The Court has reviewed the record on appeal and the Bankruptcy Judge's opinion and no new issues having been raised affirms for the reasons stated therein.

IT IS SO ORDERED.

---

1. Even if the securities were customer name securities, SIPA limits the Trustee's duty to deliver customer name securities to those customers who are not indebted to the Trustee. (15 U.S.C. § 78fff–2(c)(2)) which RCM of course was. Neither of RCM's points in its filed objections were pursued in the current appeal.